UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Stacie L.B.,

    Plaintiff,

v.

Commissioner of Social Security,

    Defendants.

Case No. 2:23-cv-1411

Judge Michael H. Watson

Magistrate Judge Jolson

## OPINION AND ORDER

Stacie L.B. ("Plaintiff") objects to the Report and Recommendation ("R&R") that Magistrate Judge Jolson issued, ECF No. 14, which recommended that the Court overrule Plaintiff's statement of specific errors and affirm the decision of the Commissioner of Social Security. Obj., ECF No. 15. For the following reasons, Plaintiff's objections are **OVERRULED**.

### I. PROCEDURAL HISTORY

Plaintiff applied for disability insurance benefits in August 2019 and supplemental security income in September 2019, alleging a disability onset date of January 1, 2018. Tr. 393–406, ECF No. 7-5 at PAGEID # 420–33. The claim was denied initially and upon reconsideration. Tr. 234–79, ECF No. 7-3 at PAGEID # 259–304. An administrative law judge ("ALJ") thereafter held a hearing and issued a decision finding that Plaintiff was not disabled. Tr. 59–79, 96–118, ECF No. 7-2 at PAGEID # 83–103, 120–42. The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final

decision of the Commissioner of Social Security. Tr. 1–9, ECF No. 7-2 at PAGEID # 25–33. Plaintiff then appealed to this Court, and the Court remanded the case to the Commissioner. Tr. 2066–87, ECF No. 7-11 at PAGEID # 2100–21. The ALJ held another hearing and again denied Plaintiff's applications for benefits. Tr. 1987–2036, ECF No. 7-11 at PAGEID # 2020–69. Plaintiff did not seek review by the Appeals Counsel and, instead, sued again in this court in April 2023, challenging the Commissioner's decision. Mot., ECF No. 1.

Upon consideration of Plaintiff's statement of specific errors, the Commissioner's response, and Plaintiff's reply, Magistrate Judge Jolson issued an R&R recommending the Court affirm the Commissioner's decision. R&R, ECF No. 14. Plaintiff objects to that R&R. Obj., ECF No. 15.

## II.  STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 72(b), the Court reviews de novo those portions of the R&R that Plaintiff properly objected to. The Court may accept, reject, or modify the R&R, receive further evidence, or return the matter to the Magistrate Judge with instructions. Fed. R. Civ. P. 72(b)(3).

## III.  ANALYSIS

Plaintiff's single objection is that the ALJ failed to properly discuss the "supportability" of Dr. Erika Gilyot-Montgomery, Psy.D.'s ("Dr. Gilyot-Montgomery") opinion. Obj., ECF No. 15. Upon de novo review, the Court disagrees.

For claims filed after March 27, 2017, such as this one, medical opinions are considered per 20 C.F.R. § 404.1520c.[1] Pursuant to those regulations, an ALJ does "not defer or give any specific evidentiary weight . . . to any medical opinion(s)." 20 C.F.R. § 404.1520c(a). Rather, "[w]hen a medical source provides one or more medical opinions . . . , [the ALJ] will consider those medical opinions . . . from that medical source together using" factors outlined in the Code of Federal Regulations. *Id.* The factors an ALJ must consider when evaluating the persuasiveness of a medical opinion are: supportability, consistency, relationship with the claimant, specialization, and any other factors that support or contradict the medical opinion. 20 C.F.R. §§ 404.1520c(c)(1)–(5). The most important factors, however, are supportability and consistency. 20 C.F.R. §§ 404.1520c(a), (b)(2).

An ALJ must articulate in their decision how persuasive they found the medical opinion. 20 C.F.R. § 404.1520c(b). Moreover, because supportability and consistency are the most important factors, an ALJ must "explain how [they] considered the supportability and consistency factors for a medical source's medical opinion[]." 20 C.F.R. § 404.1520c(b)(2). The ALJ may, but is not required to, explain how they considered the other factors. *Id.*

---

[1] These regulations are the same for Supplemental Security Income. 20 C.F.R. § 416.920c.

Case No. 2:23-cv-1411                                                                                                                 Page 3 of 6

With regard to supportability, "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion[] . . . , the more persuasive the medical opinions . . . will be." 20 C.F.R. § 404.1520c(c)(1). As to consistency, "[t]he more consistent a medical opinion[] . . . is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion[] . . . will be." 20 C.F.R. § 404.1520c(c)(2).

Here, the ALJ properly discussed supportability by explaining that Dr. Gilyot-Montgomery's opinion was not based on objective medical evidence or relevant supporting explanations. Tr. 2002, ECF No. 7-11 at PAGEID # 2035. The ALJ noted that Dr. Gilyot-Montgomery's opinion purported to be supported by the summary of medical records available, but that the record did not actually support her opinion that Plaintiff was limited to "brief, superficial interaction with others." *Id.* Specifically, the ALJ pointed out that Plaintiff repeatedly had normal mental health evaluations throughout the treatment record. *Id.*

The record backs up the ALJ's conclusion. Dr. Gilyot-Montgomery opines that Plaintiff is limited to "brief, superficial interaction with others," and cites to a summary of record evidence to support the same. Tr. 235–36, 242, ECF No. 7-3 at PAGEID # 260–61, 267. However, throughout the record, Plaintiff had normal mental health findings. *E.g.*, Tr. 1387, 1391, 1426, 1862, ECF No. 7-9, 7-10 at

PAGEID # 1418, 1422, 1426, 1894. Thus, The ALJ's conclusion as to supportability is supported by substantial evidence.

Plaintiff argues that both the ALJ and the R&R conflate the "consistency" and "supportability" factors.[2] Obj., ECF No. 15. The Court disagrees. The ALJ discussed the "objective medical evidence" and "the supporting explanations" on which Dr. Gilyot-Montgomery relied and concluded that Dr. Gilyot-Montgomery's opinion was not persuasive. 20 C.F.R. § 404.1520c(c)(1). That is a supportability discussion.

To the extent Plaintiff argues that, because the ALJ considered the record evidence and also found Dr. Gilyot-Montgomery's opinion unpersuasive, the ALJ impermissibly substituted his own opinion in place of Dr. Gilyot-Montgomery, that argument falls flat. The ALJ properly considered the record evidence and the conflicting medical opinions and reconciled the same when crafting an RFC. That consideration does not amount to giving a medical opinion. *Cf. Foster v. Comm'r of Soc. Sec.*, No. 1:20-CV-575, 2021 WL 4847532, at *3 (W.D. Mich. Sept. 21, 2021), *report and recommendation adopted*, No. 1:20-CV-575, 2021 WL 4844125 (W.D. Mich. Oct. 18, 2021) ("While the ALJ may not 'play doctor'" and substitute his own opinion for that of a medical professional, the ALJ is not required to tailor his RFC assessment to any particular opinion or item of medical

---

[2] Plaintiff also asserts that the R&R "campaigns" for a new rule for how ALJs must discuss supportability. The Court does not read the R&R so broadly.

Case No. 2:23-cv-1411 Page 5 of 6

evidence . . . . Instead, the ALJ is charged with the responsibility of evaluating the medical evidence and the claimant's testimony to form an assessment of her residual functional capacity." (internal quotation marks and citations omitted)).

At bottom, the ALJ adequately explained the supportability factor in determining Dr. Gilyot-Montgomery's opinions were "not persuasive" and substantial evidence supports that conclusion.

## IV.  CONCLUSION

For these reasons, Plaintiff's objections are **OVERRULED**, the R&R is **ADOPTED**, and the Commissioner's decision is **AFFIRMED.**  The Clerk shall enter judgment for Defendant and terminate this case.

**IT IS SO ORDERED.**

*/s/ Michael H. Watson*
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**